UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-CV-24638-GRAHAM

ANDRE L. MOODY,

    Plaintiff,

v.

MIAMI-DADE COUNTY, et al.

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants Miami-Dade County, Johnson, and Yeber's Joint Motion to Dismiss [D.E. 37].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Andre L. Moody is a supervisor employed in the Monitored Release Bureau ("MRB") of the Miami-Dade County Department of Corrections and Rehabilitation ("MDCR") [D.E. 36]. On January 31, 2017, Plaintiff filed an administrative complaint against Defendant Yeber, his direct supervisor, alleging discrimination, harassment, retaliation, and hostile work environment [D.E. 36]. In April of 2018, Plaintiff was transferred to a lower paying position outside of the MRB [D.E. 36]. In response, Plaintiff filed a formal grievance and returned to the MRB after investigations [D.E. 36].

On October 7, 2019, Plaintiff filed the instant action against his employer, Miami-Dade County, and his supervisors, John Johnson, and Anthony Yeber, in the Eleventh Judicial Circuit in and for Miami-Dade County [D.E. 1]. The case was removed to this Court on November 8, 2019 [D.E. 1]. On December 5, 2019, Plaintiff filed an Amended Complaint [D.E. 10]. On May 4, 2020, this Court entered an order granting the Defendants' Motion to Dismiss the Amended Complaint without prejudice, concluding that the complaint constituted an improper "shotgun" pleading and failed to allege specific violations of constitutional or statutory rights in support of his § 1983 claims [D.E. 35]. On May 15, 2020, the Plaintiff filed his Second Amended Complaint, asserting claims of racial discrimination, hostile work environment, retaliation, and deprivation of constitutional rights under Title VII (42 U.S.C. § 2000 *et seq.*), the Florida Civil Rights Act (Fla. Stat. Ch. 760), and 42 U.S.C. § 1983 [D.E. 36].

On May 28, 2020, Defendants Johnson, Yeber, and Miami-Dade County filed the instant joint Motion to Dismiss the Second Amended Complaint for failure to state a claim [D.E. 37]. In particular, Defendants seek to dismiss with prejudice the Plaintiff's § 1983 retaliation claims based on the deprivation of constitutional rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment (Counts XI, XII, XIII, XIV, XV, XVI) [D.E. 37]. Further, Defendants move to dismiss with prejudice the

Plaintiff's demand for punitive damages against the County [D.E. 37].

## II. LEGAL STANDARD

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, allegations within a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Thomason v. Alabama Home Builders Licensure Bd., 741 F. App'x 638, 641 (11th Cir. 2018) (citing Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

"For the purposes of a motion to dismiss, the court must view the allegations of the complaint in the light most favorable to the plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations and citations omitted). Accordingly, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully." Id. Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

Moreover, the court's review of a Rule 12(b)(6) motion is ordinarily limited to the face of the complaint and any attachments thereto. Fed. R. Civ. P. 12(b)(6); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997) (citations omitted).

§ 1983 Claims

"Section 1983 is no source of substantive federal rights... [i]nstead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right." Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996) (citing Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 812, 127 L. Ed. 2d 114 (1994)). Without alleging a violation of specific substantive rights, a § 1983 claim would fall short of the applicable pleading standard. Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1276 (11th Cir. 2001) (citing GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367, 1368 (11th Cir. 1998)).

**III. DISCUSSION**

**1. Fourteenth Amendment Retaliation Claims under § 1983**

Defendant argues Counts XII, XIII, XIV, and XV of Plaintiff's Second Amended Complaint should be dismissed. These Counts allege

4

§ 1983 retaliation claims based on, "the deprivation of rights, privileges and immunities secured by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Title VII, and Fla. Stat. § 760.10." [D.E. 36].

Defendants argue, and this Court agrees, the Equal Protection Clause cannot serve as the basis for § 1983 retaliation claims. The Eleventh Circuit has held, "a pure or generic retaliation claim...simply does not implicate the Equal Protection Clause." Watkins v. Bowden 105 F.3d 1344, 1344 (11th Cir. 1997) (rejecting the plaintiff's Equal Protection retaliation claims despite the alleged link between the plaintiff's claims of retaliation and discrimination because no clearly established right exists under the equal protection clause to be free from retaliation); See also Ratliff v. DeKalb County, Ga., 62 F.3d 338, 340 (11th Cir. 1995). ("The right to be free from retaliation is clearly established as a *First Amendment* right and as a *Statutory* right under Title VII; but no clearly established right exists under the *Equal Protection Clause* to be free from retaliation.").

Further, the Plaintiff alleges Counts XII, XIII, XIV, and XV redress the deprivation of his rights under Title VII, and Fla. Stat. § 760.10. Section 1983 claims must be based on the deprivation of federal rights. Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996). Therefore, a claim alleging the deprivation of rights provided by a Florida statute should be dismissed.

The only remaining substantive right upon which Plaintiff bases his § 1983 claims in Counts XII, XIII, XIV, and XV is Title VII. Judge Cohn of this court held, "[a] § 1983 claim cannot survive when the only alleged deprivation falls under the ADA or Title VII." Harris v. Sch. Bd. of Broward Cty., No. 11-62604-CIV, 2012 WL 882610, at *4 (S.D. Fla. Mar. 15, 2012)(citing Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir.1997)).

Accordingly, the Plaintiff's § 1983 retaliation claims based on the deprivation of rights provided by the Equal Protection Clause of the Fourteenth Amendment, Title VII, and Fla. Stat. § 760.10 must be dismissed.

**2. First Amendment Retaliation Claims under § 1983**

Defendants argue Counts XI, XIII, XIV, and XVI, which raise § 1983 retaliation claims based on the alleged deprivation of Plaintiff's First Amendment rights, should be dismissed. A public employee may benefit from First Amendment free speech protection when the employee speaks as a citizen on a matter of public concern. Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). However, this protection does not extend to statements made pursuant to the employee's official job duties. Id. "Speech addresses a matter of public concern when relating to any matter of political, social, or other concern to the community." Fikes v. City of Daphne, 79 F.3d 1079, 1084 (11th Cir. 1996).

Whether an employee's speech addresses a matter of public concern hinges on whether the employee's purpose for making the speech was to raise an issue to the public or to further his own private interest. Connick v. Myers, 461 U.S. 138, 147-48, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983); Watkins, 105 F.3d at 1353 (citing Morgan v. Ford, 6 F.3d 750 (11th Cir. 1993)).

Here, the Plaintiff's statements were made in response to the alleged discrimination he experienced personally in the course of employment, rather than for the benefit of a larger community. His administrative complaints, and the statements he made in furtherance of the department-wide investigations of discrimination did not involve the public at large. This Court's inquiry is limited to the face of the Second Amended Complaint, and no indication of a general issue of public concern can be gleaned therefrom.

Accordingly, the Plaintiff's § 1983 retaliation claims based on the deprivation of rights provided by the Equal Protection Clause or the First Amendment must be dismissed.

**A. Punitive Damages against the County**

It is well-established that punitive damages are not recoverable against governments, government agencies, or political subdivisions under the FCRA, Title VII, or § 1983. Fla. Stat. § 768.28(5); City of Newport v. Fact Concepts, Inc., 453 U.S. 247 (1981) (holding that municipalities were immune from punitive

damages for § 1983 claims); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995) (no punitive damages can be obtained against a sheriff's department).

In his Reply, Plaintiff concedes to the Defendants' argument that he is not entitled to seek punitive damages against the County [D.E. 41]. Miami-Dade County is indeed a political subdivision exempt from punitive damages. Therefore, Plaintiff's claim for punitive damages against the County will be dismissed.

### 3. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Joint Motion to Dismiss [D.E. 37] is hereby **GRANTED**. The § 1983 retaliation claims in Counts XI, XII, XIII, XIV, XV, and XVI are hereby **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of July, 2020.

s/Donald L. Graham<br>
DONALD L. GRAHAM<br>
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record